UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELECOM ASSET MANAGEMENT, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>FIBERLIGHT, LLC,<br><br>              Defendant. | Case No. 14-cv-00728-SI<br><br>**ORDER ON SUMMARY JUDGMENT**<br>Re: Dkt. No. 100 |

Now before the Court is a motion for partial summary judgment by defendant FiberLight, LLC (FiberLight), seeking dismissal of various causes of action advanced by plaintiff Telecom Asset Management, LLC ("TAM").[1] Dkt. No. 100. The parties appeared before the Court on June 24, 2016 on FiberLight's motion. After careful consideration of papers submitted, and for the reasons articulated in open court, the Court rules as follows:

The choice of law disputes on the remaining causes of action will be resolved in favor of California law. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, __U.S. __, 134 S.Ct. 568, 582 (2013) (reasoning that a "federal court sitting in diversity ordinarily must follow

---

[1] After this motion was filed the parties entered into a stipulation to dismiss with prejudice Count VI (common count for services rendered), Count VII (common count for money had and received), Count XII (conversion), Count XIII (constructive trust), Count XV (Texas Sales Representatives Act), and Count XVI (unfair competition) of TAM's complaint. Dkt. No. 102. The Court accepted this stipulation, mooting several of the arguments FiberLight, LLC ("FiberLight") made in its original motion. Dkt. No. 103.

The remaining causes of action challenged by FiberLight's motion are Count I (breach of contract), Count III (breach of covenant of good faith and fair dealing), Count VIII (restitution/unjust enrichment), Count IX (fraud - false promise), Count X (intentional misrepresentation), Count XI (negligent misrepresentation), and Count XIV (California Independent Wholesale Representatives Contractual Relation Act).

FiberLight does not challenge Counts II (breach of implied contract), IV (promissory estoppel), V (*quantum meruit*), and XVII (accounting) of the complaint.

the choice-of-law rules of the State in which it sits" (citations omitted)); *Washington Mut. Bank, FA v. Superior Court*, 24 Cal.4th 906, 914 (Cal. 2001) ("California has two different analyses for selecting which law should be applied in an action."); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1198 (S.D. Cal. 2007) (reasoning that California's common-law "governmental interest analysis" applies in cases, as here, where there is no operative choice-of-law clause). The Court has analyzed each cause of action for purposes of choice of law, and the laws of California and Texas are either not materially different, or FiberLight has failed to show that the application of Texas law will further an interest of Texas. *Wash. Mut. Bank, FA*, 24 Cal.4th at 919 (directing that the first step in the governmental interest test is to "identify the applicable rule of law in each potentially concerned state and [ ] show it materially differs from the law of California"); *Frontier Oil Corp.*, 153 Cal. App. 4th at 1465 (explaining that it is the party seeking the application of foreign law that bears the burden of demonstrating that it materially differs from California law and showing that the foreign law furthers an interest of the foreign state); *Wash. Mut. Bank, FA*, 24 Cal.4th at 920 (reasoning that if the laws are materially different, the Court must "determine what interest, if any, each state has in having its own law applied to the case"). The record reflects that this services contract dispute exists between citizens of California and Georgia, with TAM's principal place of business in San Francisco, California. *See* Dkt. No. 1, Compl. ¶¶ 1, 2, 5; Dkt. No. 11-1, Coyne Decl. ¶ 3; Dkt. No. 23-1, Strong Decl. ¶¶ 1-2, 24.

As to the merits of the underlying dispute:

(1) FiberLight's motion for summary judgment seeking dismissal of TAM's first cause of action for breach of contract is hereby DENIED.

(2) FiberLight's motion for summary judgment seeking dismissal of TAM's third cause of action for breach of the covenant of good faith and fair dealing is hereby DENIED.

(3) FiberLight's motion for summary judgment seeking dismissal of TAM's eighth cause of action for restitution/unjust enrichment is hereby DENIED.

(4) FiberLight's motion for summary judgment seeking dismissal of TAM's ninth cause of action for fraud – false promise is hereby GRANTED.

(5) FiberLight's motion for summary judgment seeking dismissal of TAM's tenth cause of action for fraud – intentional misrepresentation is hereby GRANTED.

(6) FiberLight's motion for summary judgment seeking dismissal of TAM's eleventh cause of action for negligent misrepresentation is hereby GRANTED.

(7) FiberLight's motion for summary judgment seeking dismissal of TAM's fourteenth cause of action pursuant to the California Independent Wholesale Representatives Contractual Relation Act is hereby DENIED.

Regarding the California Independent Wholesale Representatives Contractual Relation Act, case law is sparse. California Civil Code § 1738.10 provides:

> The Legislature finds and declares that independent wholesale sales representatives are a key ingredient to the California economy. The Legislature further finds and declares the wholesale sales representatives spend many hours developing their territory in order to properly market their products, and therefore should be provided unique protection from unjust termination of the territorial market areas. Therefore, it is the intent of the Legislature, in enacting this act to provide security and clarify the contractual relations between manufacturers and their nonemployee sales representatives.

According to the California Jury Instructions — Civ. 11.48.5, a claim under this statute requires proof, *inter alia*, that defendant used the plaintiff's services to solicit wholesale orders at least partially within California. While it is undisputed that the four deals contemplated by the parties here — Houston-Bryan, West Texas, Lubbock-Shertz, and Central Texas — were in Texas, the agreement initially discussed by the parties at the October 2011 meeting was "a general sales agent agreement" that was not limited to Texas opportunities. Dkt. No. 33 at 8 (order on motion to dismiss); Dkt. No. 23-1, Strong Decl. ¶ 14 ("[TAM] agreed to assist [FiberLight], and proceeded to bring it opportunities with Carrier, including but not limited to the opportunities in Texas."); ¶ 12 (indicating that prior to October 2011 TAM approached FiberLight "for help sourcing bandwidth . . . [for] a nationwide network . . . that spanned all 50 states and Washington D.C."). This is a close question on limited evidence, and accordingly the motion for summary judgment on this claim is denied.

The parties were ordered by the Court to investigate further alternative dispute resolution sessions with Judge Corley, and to advise the Court of same, prior to the calendared August 1, 2016 bench trial in this matter.

**IT IS SO ORDERED**.

Dated: June 27, 2016

_____
SUSAN ILLSTON
United States District Judge