UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELECOM ASSET MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>FIBERLIGHT, LLC,<br><br>    Defendant. | Case No. 14-cv-00728-SI<br><br>**ORDER ON TRIAL PREPARATION**<br><br>Re: Dkt. Nos. 128, 129, 131 |

The Court is in receipt of the parties' amended joint proposed findings of fact and conclusions of law, as well as each party's separate proposed findings of fact and conclusions of law. Dkt. Nos. 128, 129, 131. Upon review of these submissions, the Court urges the parties to consider the applicable remedies for each cause of action alleged, and the fact that **double recovery is barred as a matter of California law for the same type of damage:**

> Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence. Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited.
>
> Thus, for example, in a case in which the plaintiff's only item of damage was loss of commissions, two awards of damages identical in amount—one for breach of contract and the other for bad faith denial of the same contract—could not be added together in computing the judgment. Plaintiff was entitled to only one of the awards.

*Tavaglione v. Billings*, 4 Cal. 4th 1150, 1158-59 (Cal. 1993) (internal citations omitted).

Accordingly, the parties are ORDERED to review the Court's below damage analysis and consider whether the remaining 8 causes of action, currently set to be tried over the course of 3 days, should be further streamlined.

The operative question before the Court appears to be whether the evidence in this case supports the finding of a contract, or whether the Court will imply a contract in law where no written contract existed.[1] It is well-established that contract damages seek to make the injured party whole, while quasi-contract damages are obligations created by law to restore the aggrieved party to his former position by return of the thing (in this case, labor) or its equivalent in money:

> Quasi-contract is simply another way of describing the basis for the equitable remedy of restitution when an unjust enrichment has occurred. Often called *quantum meruit*, it applies where one obtains a benefit which he may not justly retain . . . . The quasi-contract, or contract implied in law, is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his former position by return of the thing or its equivalent in money. The so-called contract implied in law in reality is not a contract. Quasi-contracts, unlike true contracts, are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice.

*McBride v. Boughton*, 123 Cal. App. 4th 379, 392 n.6 (Cal. Ct. App. 2004) (internal quotation marks, alterations, and citations omitted); *see also Ilkhchooyi v. Best*, 37 Cal. App. 4th 395, 412 (Cal. Ct. App. 1995) (reasoning that contract damages aim to make the injured party whole).

There are four categories of damages that the Court can ascertain from the causes of action that remain in this case. **Virtually all of them are entirely duplicative.**

First, should the Court find an enforceable contract, there will be expectancy damages[2] on the contract pursuant to breach of express contract (Count 1) *or* breach of implied-in-fact contract (Count 2) *or* breach of the implied covenant of good faith and fair dealing (Count 3). "A contract is either express or implied." Cal. Civ. Code § 1619. "An express contract is one, the terms of which are stated in words." Cal. Civ. Code § 1620. "An implied contract is one, the existence and terms of which are manifested by conduct." Cal. Civ. Code § 1621. "[I]mplied-in-fact contracts

---

[1] The Court observes that this is the rare case where defendant admits to some amount of liability to be determined by the Court. *See* Dkt. No. 129 (Joint Proposed Findings and Conclusions) at ¶¶ 48, 51: "At all times, FiberLight believed that it owed TAM money." "FiberLight remains willing to pay TAM an appropriate amount for services actually rendered."

[2] The court employs the term "expectancy damages" to differentiate this damage calculation from reliance damages, *supra*. "The traditional goal in awarding damages for breach of contract is to award a sum that will put the nonbreaching party in as good a position as he would have been in had the contract been performed, *i.e.*, compensation. This is said to give him his expectancy and to protect his 'expectation interest.'" *Fisher v. Hampton*, 44 Cal. App. 3d 741, 752 (Cal. Ct. App. 1975) (citations omitted).

2

1  are . . . more accurately described as express contracts proved by circumstantial evidence." *Desny*
2  *v. Wilder*, 46 Cal. 2d 715, 739 n.9 (Cal. 1956). In California, "with the exception of bad faith
3  insurance cases, a breach of the covenant of good faith and fair dealing permits a recovery solely
4  in contract." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054
5  (Cal. Ct. App. 2009); *see also Cates Construction, Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43, 46
6  & n.9 (Cal. 1999); *Jonathan Neil & Associates, Inc. v. Jones*, 33 Cal. 4th 917, 938 (Cal. 2004).
7  Punitive damages are not recoverable for breach of the implied covenant of good faith and fair
8  dealing in cases, such as this one, that do not involve insurance policies. *See Cates Construction*,
9  21 Cal. 4th at 61.

10  Second, should the Court not find an enforceable contract, there may be quasi-contract
11  damages pursuant to equitable remedies; here, implied-in-law contract (Count 2) *or quantum*
12  *meruit* (Count 5) *or* restitution/unjust enrichment (Count 8). An implied-in-law or quasi-contract
13  theory bases its damages recovery on *quantum meruit* or restitution considerations, which may, in
14  practice, closely track the underlying but otherwise invalid contract. *See Rutherford Holdings,*
15  *LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (Cal. Ct. App. 2014) ("An action based on an
16  implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express
17  contract covering the same subject matter. However, restitution may be awarded in lieu of breach
18  of contract damages when the parties had an express contract, but it was procured by fraud or is
19  unenforceable or ineffective for some reason. Thus, a party to an express contract can assert a
20  claim for restitution based on unjust enrichment by alleging in that cause of action that the express
21  contract is void or was rescinded." (internal quotation marks, alterations, and citations omitted);
22  *Los Angeles Equestrian Ctr., Inc. v. City of Los Angeles*, 17 Cal. App. 4th 432 (Cal. Ct. App.
23  1993) (reasoning that a contract implied in law is based on *quantum meruit* or restitution
24  considerations); *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 794 (Cal. 1953) ("Quasi contractual
25  recovery is based upon benefit accepted or derived for which the law implies an obligation to pay.
26  Where no benefit is accepted or derived there is nothing from which such contract can be
27  implied." (internal quotation marks and citations omitted)).

28  Third, plaintiff has alleged a theory of promissory estoppel (Count 4), which, if successful,

3

awards reliance damages.³ Reliance damages calculate "the amount expended [by the nonbreaching party] on the faith of the contract," but the plaintiff should not be put "in a better position than he would have occupied had the contract been fully performed." *Agam*, 236 Cal. App. 4th at 105-106 (internal quotation marks and citations omitted). In practice, "[t]here appears to be no rational basis for distinguishing [the cause of action from contract] in terms of the damages that may be recovered; both may involve the problem of ascertaining a future loss of profits, actually a problem of presenting adequate proof." *Toscano*, 124 Cal. App. 4th at 692. In other words, complete contractual recovery may overlap with reliance damages and "include, under some circumstances, loss of profits when the loss is definite rather than speculative." *Id.* Given that promissory estoppel is equitable in nature, the Court retains broad judicial discretion to fashion remedies in the interests of justice. *Id.* at 693.

Fourth, plaintiff has alleged a cause of action pursuant to the California Independent Wholesale Sales Representatives Contractual Relations Act (Count 14).⁴ This cause of action provides that "[a] manufacturer, jobber, or distributor who willfully fails to enter into a written contract as required by this chapter or willfully fails to pay commissions as provided in the written contract shall be liable to the sales representative in a civil action for treble the damages proved at trial." Cal. Civ. Code § 1738.15. Simple compensatory damages are available for a non-willful violation of the Act, however, and would constitute double recovery if the Court finds defendant liable and awards expectancy damages on the contract, *or* restitution/quantum meruit on the implied-in-law contract, *or* reliance damages on a theory of promissory estoppel. *Baker v. Am. Horticulture Supply, Inc.*, 185 Cal. App. 4th 1059, 1072-1073 (Cal. Ct. App. 2010). Additionally,

---

³ *See Agam v. Gavra*, 236 Cal. App. 4th 91, 105-109 (Cal. Ct. App. 2015) (discussing reliance damages); *see also Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692-93 (Cal. Ct. App. 2004) ("Conceptually, promissory estoppel is distinct from contract in that the promisee's justifiable and detrimental reliance on the promise is regarded as a substitute for consideration required as an element of an enforceable contract." (citations omitted)).

⁴ At this stage, the Court remains skeptical that defendant used the plaintiff's services to solicit wholesale orders "at least partially within California," *see* Dkt. No. 112 (citing BAJI 11.48.5), or that defendant is a "manufacturer" within the meaning of the Act, *see* Cal. Civ. Code § 1738.12(a), or that plaintiff is in the class of persons intended to be protected by the Act. *See* Cal. Civ. Code § 1738.10.

"the prevailing party shall be entitled to reasonable attorney's fees and costs in addition to any other recovery." Cal. Civ. Code § 1738.16.

Finally, while this cause of action was not challenged on summary judgment, the Court is not convinced that accounting (Count 17) is a viable cause of action between these parties. "An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (Cal. Ct. App. 2009) (citation omitted). The Court is unclear whether plaintiff is alleging that payment is "in the form of a percentage of the moneys received by the [defendant], and . . . [that] plaintiff did not know what moneys had been received through contracts procured by [them]"; in such a case, "an accounting would be the only method of arriving at the amount due." *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (Cal. Ct. App. 1934). Again, however, if the Court finds defendant liable and awards expectancy damages on the contract, *or* restitution/quantum meruit on the implied-in-law contract, *or* reliance damages on a theory of promissory estoppel, the Court will be required to calculate a sum certain, mooting this theory of liability.

The parties should be prepared to discuss these issues with the Court at the start of trial.

**IT IS SO ORDERED**.

Dated: July 29, 2016

SUSAN ILLSTON
United States District Judge