UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELECOM ASSET MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FIBERLIGHT, LLC,<br><br>Defendant. | Case No. 14-cv-00728-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 149 |

After a three-day bench trial from August 1 to August 3, 2016, the Court issued its Findings of Fact and Conclusions of Law (the "Verdict") in this breach of contract case. Dkt. No. 141. On August 19, 2016, the Court entered judgment for plaintiff in the amount of $16,964,055. Dkt. No. 142. Now before the Court is defendant's motion for a new trial, or in the alternative, to alter or amend the judgment.[1] Mot. (Dkt. No. 149); Fed. R. Civ. P. 59(b), (e). Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court will DENY defendant's motion.

**BACKGROUND**

Plaintiff Telecom Asset Management, LLC ("TAM") sued defendant FiberLight, LLC ("FiberLight") for unpaid commissions from TAM's involvement in brokering four deals between

---

[1] In addition, plaintiff has filed a Motion to Compel Assignment of Rights, seeking to enforce the judgment in this case. Dkt. No. 158. This Order does not address plaintiff's motion to compel.

FiberLight and non-party Verizon Wireless ("Verizon").[2] Although TAM's brokerage services were completed, negotiations between FiberLight and TAM broke down before the parties could reach a final agreement on TAM's commission structure. Both parties agreed that FiberLight owed TAM money; the trial focused on determining the amounts of TAM's commissions for the four Verizon deals.

After trial, the Court found an implied contract between the parties under the equitable doctrine of quasi-contract. Verdict (Dkt. No. 141) at 9-10. The Court reviewed the evidence presented by the parties and heard live testimony to determine the appropriate amount of TAM's agent commissions for the four Verizon deals. The Court found that two of the transactions were for "lit" services and awarded TAM 11% of total Monthly Recurring Revenue ("MRR") under these transactions. *Id.* at 10. The Court found that the two larger transactions, the West Texas and Central Texas deals, were "dark fiber" transactions entailing a significant amount of construction, and awarded TAM 10% of MRR and 2.5% of Non-Recurring Revenue ("NRR") for these projects.[3] *Id.* at 11-13. Based on these commission percentages, after applying an undisputed discount rate for certain future cash flows, the Court awarded TAM $16,964,055 for its services.

Defendant now moves for a new trial or, in the alternative, for the Court to alter or amend the judgment under Federal Rule of Civil Procedure 59. *See* Mot. (Dkt. No. 149). Out of "an abundance of caution," defendant also invokes Rule 60(b).[4] Mot. (Dkt. No. 149) at 7-11. Plaintiff suggests that this motion is properly brought under Rule 59. Opp'n (Dkt. No. 154) at 6-7. The Court agrees with plaintiff. A party may file a motion under Rule 59 "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b), (e); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101,

---

[2] The relevant details of these transactions and the parties' interactions are set out in the Findings of Fact and Conclusions of Law in the Verdict. Dkt. No. 141.

[3] Based on the evidence presented, the Court determined that 10% of MRR and 2.5% of NRR were industry standard agent commissions for deals of this nature, and thus represented the market value of the benefit to FiberLight for purposes of the Court's restitution calculation. Verdict (Dkt. No. 141) at 11-13. Defendant's motion takes issue only with the Court's award of 10% of MRR under the West Texas and Central Texas deals. *See* Mot. (Dkt. No. 149) at 6.

[4] Federal Rule of Civil Procedure 60 provides for relief from a judgment or order on motions made "within a reasonable time[.]" *See* Fed. R. Civ. P. 60.

2

1111 (9th Cir. 2011). The Court entered judgment in this matter on August 19, 2016. Dkt. No. 142. Defendant filed its motion 28 days later on September 16, 2016. Mot. (Dkt. No. 149). Defendant timely filed its motion under Rule 59 and the Court finds that this matter is properly framed as a motion to alter or amend judgment under Rule 59(e).[5]

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis omitted) (citations and internal quotation marks omitted); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (listing similar grounds and stating "[t]here may also be other, highly unusual, circumstances warranting reconsideration").

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations and internal quotation marks omitted); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (citations and internal quotation marks omitted) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances . . . ."). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citations and internal quotation marks omitted). The trial court "enjoys considerable discretion in granting or denying [a rule 59(e)] motion."

---

[5] Defendant's motion requests relief under Rule 59(e) or, alternatively, under Rule 59(a)(2). *See* Mot. (Dkt. No. 149) at 22. In its Reply, defendant appears to rely solely on Rule 59(e). *See* Reply (Dkt. No. 157). Given the overlap between the standards for granting a motion under either rule, the Court will treat this as a Rule 59(e) motion. *See HPS Mech., Inc. v. JMR Constr. Corp.*, No. 11-2600, 2014 WL 5451987, at *1-2 (N.D. Cal. Oct. 17, 2014), *appeal docketed*, No. 14-17261 (9th Cir. Nov. 17, 2014).

*McDowell*, 197 F.3d at 1255 n.1 (citation omitted).

**DISCUSSION**

This matter was tried without a jury. On several central points, the witness testimony was in conflict, and the Court made credibility assessments after hearing the testimony presented and reviewing the reports admitted into evidence. In this motion, defendant's allegations of error are purely factual. *See* Reply (Dkt. No. 157) at 3 ("FiberLight asserts that the judgment is based on manifest errors of fact . . . ."). Defendant does not present new or undiscovered evidence, reference an intervening change in, or manifest misinterpretation of, the law, or suggest any other form of injustice. In effect, defendant simply re-argues the same issues it argued about at trial.

FiberLight challenges two broad categories of factual findings. First, FiberLight argues that the Court erred in finding that the "on-net"/"off-net" distinction was not dispositive in this dispute. Second, FiberLight argues that the Court did not properly weigh the evidence in determining the market value of the benefit FiberLight received. The Court has reviewed the submissions of the parties, and finds that nothing new has been presented. Both the principals of the parties, and the competing expert witnesses, testified at trial about each of these areas; their testimony was consistent in some respects but substantially divergent in others. The Court's assessment of this evidence, and the credibility of the witnesses at trial, is incorporated in the Verdict's Findings of Fact and Conclusions of Law.

Defendant disagrees with the Verdict, but mere disagreement does not mean that the Court committed a manifest error of fact. *See Morales v. Tingey*, No. 05-3498, 2010 WL 459046, at *1 (N.D. Cal. Feb. 3, 2010) (citing *McDowell*, 197 F.3d at 1256) ("A district court does not commit clear error warranting reconsideration when the question before it is a debatable one."). Defendant offers no new arguments, points to evidence already presented at trial, and merely uses this motion to "to relitigate old matters[.]" *Exxon Shipping Co.*, 554 U.S. at 485 n.5. None of the evidence defendant points to shows that the Court committed a manifest error of fact. As such, and for the reasons stated in the Verdict, defendant's motion is DENIED.

**CONCLUSION**

Defendant fails to demonstrate a manifest error of fact, rather than mere disagreement with the Court's Verdict. Defendant does not allege an error of law, does not mention new or previously unavailable evidence, does not reference an intervening change in the law, and fails to describe how the Court's Verdict might result in manifest injustice. Accordingly, and for all of the reasons stated in the Verdict, the Court hereby DENIES defendant's motion.

This order resolves Dkt. No. 149.

**IT IS SO ORDERED**.

Dated: October 25, 2016

SUSAN ILLSTON
United States District Judge