UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELECOM ASSET MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FIBERLIGHT, LLC,<br><br>    Defendant. | Case No. 14-cv-00728-SI<br><br>**ORDER ON DEFENDANT'S MOTION TO STAY POST-JUDGMENT ORDER PENDING CLARIFICATION**<br><br>Re: Dkt. Nos. 180, 191 |

Before the Court is defendant's motion seeking clarification of the Court's December 12, 2016 order granting an assignment of rights and restraining defendant from disposing of certain proceeds (the "Assignment Order"). Mot. for Clarification (Dkt. No. 180); Assignment Order (Dkt. No. 176). Pursuant to Civil Local Rule 7-1(b), this matter is resolved without oral argument.

The Court assumes that the parties are familiar with the background of this case. On December 12, 2016, the Court entered the Assignment Order. In the Assignment Order, the Court granted plaintiff Telecom Asset Management, LLC ("TAM") an assignment of rights in certain of defendant FiberLight, LLC's ("FiberLight's") accounts receivable from non-party Verizon Wireless ("Verizon"). The Court also issued a restraining order to prevent FiberLight from otherwise disposing of those rights to payment. In the Assignment Order, the Court stated that the assignment of rights would be effective 60 days from December 12, 2016, or on February 10, 2017. Shortly after entry of the Assignment Order, TAM sought to serve Verizon with notice of the order "to ensure that Verizon has adequate time to take all of the internal steps" to start paying TAM on February 10. Opp'n (Dkt. No. 183) at 1. TAM notified FiberLight of its intention to immediately serve Verizon and sent FiberLight a copy of the proposed notice.

On December 27, 2016, FiberLight filed this motion seeking clarification of the Assignment Order under Federal Rule of Civil Procedure 60(a) and for a stay of the Assignment

Order pending clarification. FiberLight asks the Court to clarify the Assignment Order in two respects: (1) by stating that TAM cannot serve its notice on Verizon before February 10, 2017, when the Assignment Order becomes effective by its own terms; and (2) by stating, in essence, that FiberLight's secured lender, CoBank, has a priority interest in the Verizon receivables, and that CoBank must be repaid in full (roughly $200,000,000) prior to TAM's receipt of any proceeds.

Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . ." Fed. R. Civ. P. 60(a). However, "after an appeal has been docketed in the appellate court and while it is pending," the Court may correct or clarify the Assignment Order "only with the appellate court's leave." *See* Fed. R. Civ. P. 60(a).

FiberLight filed a notice of appeal of the Assignment Order on January 11, 2017. Dkt. No. 190. The appeal was docketed on January 13, 2017. *See Telecom Asset Mgmt., LLC v. FiberLight, LLC*, No. 17-15066 (9th Cir. docketed Jan. 13, 2017). Accordingly, without leave from the Ninth Circuit, this Court lacks jurisdiction to grant the requested relief under Rule 60. Fed. R. Civ. P. 60(a); *see also In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Practices Litig.*, No. 09-MD-02015-JF, 2011 WL 3648508, at *2 (N.D. Cal. Aug. 18, 2011) ("Because Rose has filed an appeal, this Court could not offer the 'clarification' requested by Rose [under Rule 60(a)] without leave of the appellate court.").

Accordingly, FiberLight's motion is DENIED.[1]

This order resolves Dkt. Nos. 180, 191.

**IT IS SO ORDERED**.

Dated: January 23, 2017

_____
SUSAN ILLSTON
United States District Judge

---

[1] FiberLight's motion for leave to submit supplemental evidence, Dkt. No. 191, is DENIED as moot.

2