UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELECOM ASSET MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FIBERLIGHT, LLC, <br><br> Defendant. | Case No. 14-cv-00728-SI <br><br> **ORDER GRANTING MOTION TO STAY JUDGMENT PENDING APPEAL AND APPROVING SUPERSEDEAS BOND** <br><br> Re: Dkt. Nos. 196, 197, 205, 213 |

Before the Court is defendant FiberLight, LLC's ("FiberLight's") motion to stay execution of the Court's judgment and approve a supersedeas bond. Mot. for Stay (Dkt. No. 197); Supersedeas Bond (Dkt. No. 213). FiberLight asks the Court to issue an order: (1) staying the Court's judgment pending appeal; and (2) approving FiberLight's $17,500,000 bond. *See* Mot. for Stay at 3-4; Reply (Dkt. No. 204) at 6.[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS FiberLight's motion.[2]

## BACKGROUND

After a three day bench trial in August 2016, the Court entered judgment for plaintiff Telecom Asset Management, LLC ("TAM") and against FiberLight in the amount of $16,964,055 (the "Judgment"). Dkt. No. 142. On October 25, 2016, the Court denied FiberLight's motion for a new trial or to alter or amend the Judgment. Dkt. No. 160. FiberLight subsequently appealed to the Ninth Circuit. *See* Dkt. No. 170.

---

[1] Unless otherwise noted, pinpoint citations refer to the page numbers generated by ECF.

[2] TAM's motion to enforce judgment through registration in other districts, Dkt. No. 196, is hereby DENIED without prejudice. The hearing scheduled for March 3, 2017 is VACATED.

On December 12, 2016, on TAM's motion, the Court entered an order assigning to TAM FiberLight's rights in certain accounts receivable from Verizon Wireless, Inc. ("Verizon") and restraining FiberLight from otherwise disposing of the proceeds (the "Assignment Order").[3] Dkt. No. 176. In the Assignment Order, the Court gave the parties a 60-day window to discuss an alternative arrangement to satisfy or secure the judgment. The parties achieved little during that time period.

On February 2, 2017, 52 days after entry of the Assignment Order, FiberLight provided TAM with a preliminary draft letter of credit to secure the Court's judgment pending appeal. Mot. for Stay at 7-8; Decl. Osborne-Revis, Ex. A (Dkt. No. 197-4). The parties exchanged several emails regarding the letter of credit, but were unable to agree on a mutually acceptable draft without additional time. *See* Decl. Osborne-Revis, Exs. A-I. On February 8, 2017, FiberLight obtained a $17,500,000 bond and filed the instant motion after working hours the same evening, attaching a proposed supersedeas bond (the "First Bond").

TAM opposed FiberLight's motion, identifying several deficiencies with the form and language of the First Bond. Dkt. No. 201. FiberLight filed a reply, attaching a new proposed supersedeas bond (the "Second Bond") that it claimed resolved all of TAM's concerns. Dkt. No. 204. TAM filed a motion for leave to file a sur-reply to address its issues with the Second Bond, attaching to its motion a copy of the proposed sur-reply.[4] Dkt. No. 205.

The Court held status conferences with the parties on February 23, 2017 and February 24, 2017. On February 24, 2017, the parties had reached a stalemate as to an acceptable form of the bond. Following those conferences, the parties submitted their latest proposed drafts to the Court, and the Court issued an order specifying an acceptable form of bond. Dkt. No. 212. FiberLight obtained and filed a proposed bond that complies with the Court's order. *See* Order re: Bond (Dkt.

---

[3] FiberLight filed a separate appeal of the Assignment Order. Dkt. No. 190. FiberLight plans to dismiss its appeal of the Assignment Order upon entry of the stay. *See* Joint Statement (Dkt. No. 214) at 2.

[4] In light of FiberLight's attachment of the Second Bond to its reply, which TAM did not have an opportunity to review or comment upon, the Court finds that TAM had good cause to file a sur-reply. Accordingly, the Court GRANTS TAM's motion for leave to file a sur-reply, Dkt. No. 205.

No. 212); Supersedeas Bond (Dkt. No. 213).

## LEGAL STANDARD

A district court's judgment becomes final and enforceable fourteen days after judgment is entered. Fed. R. Civ. P. 62(a). "At that time, a prevailing plaintiff is entitled to execute upon a judgment." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 99, 1025 (N.D. Cal. 2012). However, an appellant generally may stay execution of a judgment by posting a supersedeas bond. *Id.* Federal Rule of Civil Procedure 62(d) provides

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action [for an injunction or a receivership or for an accounting in a patent infringement case]. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).

"The purpose of requiring a judgment debtor to post a supersedeas bond is to ensure that the judgment creditor's interests are adequately protected during the appeals process." *Fed. Trade Comm'n v. Inc21.com Corp.*, No. 10-0022-WHA, 2010 WL 4071664, at *7 (N.D. Cal. Oct. 18, 2010); *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."). "Standards for determining sufficiency of the [supersedeas] bond may be supplied by local rule. In the absence of local rule, the standards of former Rule 73(d) [of the Federal Rules of Civil Procedure] are applicable." *In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982). "On a timely application for a supersedeas, the function of the court is limited to a determination whether the conditions of the bond conform to the requirements of Rule 73(d) and whether the sureties thereon are adequate − it may approve or disapprove the bond." *Id.* (citation and internal quotation marks omitted).

Former Rule 73(d) provided

> **Supersedeas Bond.** Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of

> the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. . . .

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 n.4 (D.C. Cir. 1980). "[A]lthough the appellate rule covering the subject matter of old Rule 73(d) (Fed.R.App.P. 8) does not repeat Rule 73(d)'s detail, the substance of Rule 73(d) retains vitality inasmuch as it had simply codified judicial practice." *Id.* at 759.

**DISCUSSION**

**I.   Adequacy of FiberLight's Bond**

On March 1, 2017, in accordance with the Court's request, FiberLight submitted a supersedeas bond for the Court's approval. Dkt. No. 213. The Court's discretion in approving or rejecting the bond is "limited to passing on the sufficiency of the supersedeas bond and the adequacy of the sureties." *In re Swift Aire Lines*, 21 B.R. at 14. In reviewing the bond, the Court should "ensure that [TAM's] interests are adequately protected during the appeals process." *Inc21.com*, 2010 WL 4071664, at *7.

The Court is satisfied with the adequacy of the surety, Arch Insurance Company ("Arch"). At this stage, even TAM no longer objects to Arch's adequacy as surety. FiberLight provided the Court with recent financial statements demonstrating that Arch is well capitalized and TAM submitted ratings reports showing that Arch holds high credit ratings from three major ratings agencies. *See* Decl. Osborne-Revis, Ex. J (Dkt. No. 197-4) at 72-123; Decl. Osborne-Revis, Ex. K (Dkt. No. 204-2) at 4-37; Decl. Kollman, Ex. 6 (Dkt. No. 201-7). Arch is an adequate surety.

The Court finds FiberLight's proposed bond, Dkt. No. 213, sufficient. After extensive discussions, the parties almost settled on a form they could both agree with. FiberLight's bond sufficiently addresses the concerns of both parties. The latest bond looks vastly different from the First Bond submitted on February 8, 2017, and offers substantially more protection for TAM

while the parties litigate the appeal. The bond secures the full amount of the Judgment, plus costs, and adds a buffer of over $500,000 for interest and any costs or damages awarded on or following the appeal. The Court need not belabor the other extensively negotiated language; this is a satisfactory appeal bond.

## II. Retroactive Application

The parties also dispute whether a stay would apply retroactively to the collection efforts TAM has already undertaken. *See* Joint Statement at 1. Specifically, the parties dispute whether the Assignment Order will be stayed on approval of FiberLight's bond. A stay under Rule 62 is generally not given retroactive effect such that it stays collection on all pre-bond garnishments or levies. *Ribbens Intern., S.A. de C.V. v. Transport Intern. Pool, Inc.*, 40 F. Supp 2d 1141, 1144 (C.D. Cal. 1999) ("The stay becomes effective when the bond is approved; before the bond is approved there is no stay and the judgment creditor is free to execute upon the judgment."); *see also id.* at 1145 (citations omitted) ("The great weight of recent authority . . . supports the Court's conclusion that a pre-bond levy is not automatically extinguished by operation of law upon the Court's approval of a Rule 62(d) supersedeas bond."). *But see Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc.*, No. 06-2527-PAB, 2008 WL 5412469 (D. Colo. Dec. 24, 2008) (collecting divided authority and finding that stay applies retroactively due to equitable considerations); *Phansalkar v. Andersen Weinroth & Co., L.P.*, 211 F.R.D. 197 (S.D.N.Y. 2002) (extinguishing preexisting collection attempts upon posting of supersedeas bond).

Courts are clearly divided on the retroactivity of a stay pending appeal. The parties cited to no binding authority on retroactivity, and the Court found none itself. Ultimately, because "[t]he purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), the Court sees no harm in exercising its equitable authority to stay further collection under the Assignment Order. Although FiberLight delayed in posting a good bond until well after TAM began collection efforts, TAM's interest is now adequately secured during the appeal. The

Assignment Order is stayed pending appeal.[5]

### III. Remaining Issues

The parties lodged a short joint statement to identify any remaining issues for the Court's consideration at this time. Joint Statement (Dkt. No. 214). In that statement, TAM "requests that the Court clarify how monies paid to TAM from the Verizon Texas receivables following the issuance of the stay, if any, should be treated." *Id.* at 2. To date, TAM has received $539,093.17, which the parties have agreed shall remain in TAM's counsel's IOLTA account pending the appeal. *Id.* Should TAM receive any further funds from Verizon, whether before or after the issuance of this order, TAM shall return those funds to Verizon.

TAM also states that the $539,093.17 it received is less than the "approximately $2.2 million" expected to be paid pursuant to the parties' stipulated damages spreadsheet at trial. *Id.* at 2. "Despite several requests by TAM, FiberLight has not provided TAM any explanation for this substantial disparity." TAM would like the Court to either address this issue as a condition of the stay or to invite a separate motion or petition from TAM regarding the missing funds. The Court will do neither. With the entry of this order, TAM will have a bond in place securing the Judgment on appeal. Whether TAM holds $539,093.17 in its counsel's IOLTA account or "approximately $2.2 million," those funds will sit in the account during the appeal. This will suffice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS FiberLight's motion to stay judgment pending appeal and APPROVES FiberLight's supersedeas bond lodged as Dkt. No. 213. The

---

[5] TAM also argues that the Court lacks jurisdiction to stay the Assignment Order. Indeed, the Court previously held that it lacked jurisdiction to correct or clarify the Assignment Order based on FiberLight's appeal. *See* Dkt. No. 194; Fed. R. Civ. P. 60(a) (requiring leave of the appellate court after appeal is docketed to correct or clarify order). A stay of the Assignment Order under Rule 62(d), however, would not necessarily disrupt the issues being decided on appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added) ("The filing of a notice of appeal . . . divests the district court of its control *over those aspects of the case involved in the appeal*.").

Court's judgment entered on August 19, 2016 is hereby stayed pending appeal.

This order resolves Dkts. No. 196, 197, 205.

**IT IS SO ORDERED**.

Dated: March 2, 2017

_____
SUSAN ILLSTON
United States District Judge